UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREAT NORTHERN & SOUTHERN NAVIGATION CO. LLC FRENCH AMERICA LINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4665** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER B0621MFALL000216** | **SECTION: "B"(4)** |

## ORDER & REASONS

Before the Court are Plaintiff Great Northern & Southern Navigation Co. LLC French America Line's Motion to Remand (Rec. Doc. 8), Defendants Certain Defendant at Lloyd's Motion in Opposition (Rec. Doc. 10), Plaintiff's Reply (Rec. Doc. 17), Defendants' Sur-Reply (Rec. Doc. 18), Plaintiff's Supplemental Memorandum in Support of Motion to Remand (Rec. Doc. 39), and Defendants' Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand (Rec. Doc. 37). For reasons that follow,

**IT IS ORDERED** that the motion to remand is **DENIED WITHOUT PREJUDICE,** subject to reconsideration upon after limited discovery on diversity of citizenship issues.[1]

---

[1] French America made glaring misstatements in its pleadings, particularly with incomplete, misquotes of various case holdings and facts. For example, French America supports its waiver of removal contention by misquoting two Fifth Circuit cases, *Southland Oil Co. v. Mississippi Ins. Guar. Ass'n*, 182 F. App'x 358 (5th Cir. 2006) and *Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991), and also misquotes the holding of *Settlement Funding, L.L.C. v. Rapid Settlements Ltd.*, 851 F.3d 530 (5th Cir. 2017).

**FACTS AND PROCEDURAL HISTORY**

On March 23, 2018, Plaintiff Great Northern & Southern Navigation Co. LLC French America Line ("French America") filed a petition for damages against Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy Number B0621MFALL000216 ("Defendant") in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. *See* Rec. Doc. 8 at 1. This marine contract case arises from "certain alleged failures of the sewage system on the M/V LOUISIANE that occurred in October 2016." Rec. Doc. 10 at 1. French America seeks to recover from a certain Marine Hull and War insurance policy ("Subject Policy") for repairs and other losses that stem from the alleged incident. *See id*. Specifically, French America alleges claims for breach of contract and bad faith. *See* Rec. Doc. 8-2 at 2. Defendant asserts two counterclaims: Action for Declaratory Judgment and Payment of a Thing Not Owed. *See* Rec. Doc. 24 at 14-20.

French America is an LLC organized under the laws of Louisiana. *See* Rec. Doc. 1 at 2. According to the notice of removal, French America is made up of two members who are individuals domiciled in Jefferson Parish, Louisiana. *See id*. French America now alleges that they are made up of several members, including a member that is a citizen of the United Kingdom and a member that is an Australian corporation. *See* Rec. Doc. 8-2 at 2-3. Then, in a supplemental memorandum, French America asserts that it is made up of another

member who is an individual domiciled in Texas. *See* Rec. Doc. 1 at 2. That assertion came after Defendant corrected the citizenship of one of its syndicates. Specifcally, Defendant clarified that Houston Casualty Company is not a citizen of the United Kingdom but of Texas. *See* Rec. Doc. 17 at 6. So, based on the notice and that clarification, Defendant is either a citizen of Luxembourg (only) or Luxembourg, the United Kingdom, Massachusetts, Norway, Minnesota, New York, and Texas.[2] *See* Rec. Doc. 1 at 3-7.

On May 7, 2018, Defendant filed a notice of removal asserting diversity jurisdiction and admiralty jurisdiction. *See id*. at 2. On May 21, 2018, French America filed a motion to remand. *See* Rec. Doc. 8. On May 29, 2018, Defendant filed a memorandum in opposition. *See* Rec. Doc. 10. On June 7, 2018, French American's reply was added to the record. *See* Rec. Doc. 17. Subsequently, on the same day, Defendant's sur-reply was added to the record. *See* Rec. Doc. 18. Each of the parties later filed supplemental memoranda. *See* Rec. Doc. Nos. 37, 39.

**LAW AND ANALYSIS**

    **A. WAIVER**

"For a contractual clause to prevent a party from exercising its right of removal, the clause must give a 'clear and unequivocal' waiver of that right." *City of New Orleans v. Mun. Admin. Servs.,*

---

[2] In the notice, Defendant states its citizenship in two ways. The first being if only the lead underwriter, Swiss Re International, is being sued. The second being if each of the Defendants on the Subject Policy are being sued.

*Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). "There are three ways in which a party may clearly and unequivocally waive its removal rights: [1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract." *Ensco Int'l Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443 (5th Cir. 2009)(internal quotations omitted).

To support its argument that Defendant waived its right to removal, French America points the court to two Fifth Circuit cases. *See* Rec. Doc. 8-2 at 5-7. Specifcally, French America argues that the language of the insurance contracts in those two cases is nearly identical to the language in the insurance contract here. *See id*. at 5. In this case, the Subject Policy states "Choice of Law & Jurisdiction: This insurance shall be governed by and construed in accordance with the laws of the State of Louisiana and each party agrees to submit to the exclusive jurisdiction of any court of competent jurisdiction within the United States of America." *Id*. The provision here does not clearly and unequivocally waive Defendant's right to removal. Specifcally, the provisions does not contain the "at your request" language that is present in the provisions in the two cases that French America relies upon. *See City of New Orleans*, 376 F.3d at 505 (5th Cir. 2004)("[The Nutmeg Court's] decision turned not on the use of the word 'jurisdiction,' and not on venue or forum, but on the [contract] giving one party the exclusive right to choose

4

the forum of any proceedings."). French America argues that permitting removal in this instance would render the language of the provision meaningless and superfluous. *See* Rec. Doc. 8-2 at 7. However, in this case, all of the syndicates of Defendant are not domestic corporations, so it makes sense for a policyholder to bargain for a clause requiring only that Defendant would submit to jurisdiction in the United States. *Contra Southland Oil Co. v. Miss. Ins. Guar. Ass'n*, 182 F. App'x 358, 362 (5th Cir. 2006); *Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15-16 (5th Cir. 1991). Therefore, the Court finds that Defendant has not waived its right to removal.

**B. ADMIRALTY AND DIVERSITY JURISDICTION**

Federal courts are courts of limited jurisdiction. *See Orlean Shoring, LLC v. Patterson*, 2011 U.S. Dist. LEXIS 36105 *1, *6 (E.D. La. 2011). A federal district court has jurisdiction over a removed action if it is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party has the burden to establish the existence of jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because

5

the removal statute should be strictly construed in favor of remand." *Id*.

Defendant alleges that jurisdiction is present for removal on the basis of both admiralty and diversity jurisdiction. Specifically, as to admiralty jurisdiction, Defendant argues that the saving suitors clause of § 1333 does not prohibit the removal of maritime claims. *See* Rec. Doc. 10 at 10. The new version of § 1441 now permits removal of any claim within original jurisdiction of a district court, including maritime and admiralty claims. *See id*. at 9. Defendant is mistaken as several sections of this Court have disagreed with that proposition. *See Gregoire v. Enter. Marine Servs., LLC*, 38 F.Supp.3d 749 (E.D. La. 2014) (Duval, J.); *Bisso Marine Co., Inc. v. Techcrane Int'l, LLC*, 2014 U.S. Dist. LEXIS 126478, 2014 WL 4489618 (E.D. La. 2014) (Feldman, J.); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 U.S. Dist. LEXIS 103284, 2014 WL 3796150 (E.D. La. 2014) (Berrigan, J.); Barry v. Shell Oil Co., 2014 U.S. Dist. LEXIS 23657, 2014 WL 775662 (E.D. La. 2014) (Zainey, J.); *Perrier v. Shell Oil Co.*, 2014 U.S. Dist. LEXIS 70374, 2014 WL 2155258 (E.D. La. 2014) (Zainey, J.). Focusing on the saving suitors clause in § 1333 and history of maritime removal jurisdiction, those sections concluded that the 2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims. As specified in *Gregoire*, 38 F.Supp.3d at 764:

Under Section 1441(a), removal of civil actions is permitted where the federal district court has "original jurisdiction" over the claim. Section 1333 provides jurisdiction to the federal court exclusively for in rem actions and concurrently with the state courts for in personam actions; without more, removal of maritime cases instituted in state courts appears to apply, superficially, under Section 1441(a). Yet Congress carefully wrought Section 1333 to balance interests of federalism and recognize historical development of maritime law in state courts by including the saving to suitors clause. Maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an "exception" to the original jurisdiction of the federal courts. If state court maritime cases were removable under Section 1333, the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in Romero. That the saving to suitors clause does not guarantee a non-federal forum but only common law remedy, a rule oft cited by the Fifth Circuit, does not lead to the conclusion that the suit is invariably removable. As already established, maritime law claims brought under the saving to suitors clause in state court have traditionally required some other basis of jurisdiction independent of Section 1333 to be removable, supported by practical reasons and sound policy.

Congress' 2011 amendments to Section 1441 do not alter this conclusion. Though *Dutile* determined that "[a]ny other such action" under Section 1441(b) was an "Act of Congress" prohibiting removal of saving to suitors clause cases absent diversity and out-of-state defendants, the removal of this language in no way modified the long-standing rule that general maritime law claims require some other non-admiralty source of jurisdiction to be removable. Congress has not given any indication that it intended to make substantive changes to removal of admiralty matters, and the Fifth Circuit has not indicated otherwise. Despite the present debate over formalistic administration of admiralty law in the context of removal jurisdiction versus adherence to traditional admiralty procedure, this Court is bound to follow the clear precedent before it. Therefore, this Court finds that general maritime law claims are not removable under

> Section 1333 as part of the original jurisdiction of the court and require an independent basis of jurisdiction.
>
> In determining whether remand is appropriate, the Court must "scrupulously confine ... jurisdiction to the precise limits which the statute has defined," and construe doubts concerning removal in favor of remand.

We join our colleagues by holding that the 2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims initiated in state court, and such claims are not removable without an independent basis of subject matter jurisdiction.

Having established the applicability of the savings to suitor clause, this matter could be remanded unless an independent basis of jurisdiction exists. We must now determine whether such exists. As previously mentioned, Defendant alleges that diversity jurisdiction exists. *See* Rec. Doc. 10 at 12. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiff and defendant. *See Plaquemines Parish v. BEPCO, L.P.*, 2015 U.S. Dist. LEXIS 87880 *1, *29 (E.D. La. 2015). There is no dispute here as to the amount in controversy. The dispute here is whether there is complete diversity between French American and Defendant.[3] Defendant, being the party that is seeking to invoke the Court's jurisdiction, must distinctively and affirmatively allege

---

[3] Parties also dispute whether diversity jurisdiction is defeated by §1332. The citizenship of the parties but be established before the Court can further analyze this dispute.

each party's citizenship. *See Orlean Shoring, LLC*, 2011 U.S. Dist. LEXIS 36105 at *7.

Defendant contends that it alleged French America's citizenship on the notice of removal based on the documents filed with the Louisiana Secretary of State which states that French America is made up of two members who are individuals domiciled in Jefferson Parish, Louisiana. *See* Rec. Doc. 1 at 2; Rec. Doc. 10 at 12. It is well-established in this nation that the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1089 (5th Cir. 2008)(stating that all federal appellate courts have held that citizenship of a limited liability company is determined by the citizenship of all of its members). In their Motion to Remand, French America contends that their LLC is made up of several members, including a member that is a citizen of the United Kingdom and a member that is an Australian corporation. *See* Rec. Doc. 8-2 at 2-3. Then, sometime later, in a supplemental memorandum, French America asserts that it is made up of another member who is an individual domiciled in Texas. *See* Rec. Doc. 1 at 2. That assertion came after Defendant corrected the citizenship of one of its syndicates from United Kingdom to Texas. *See* Rec. Doc. 17 at 6. Defendant argues that this late assertion is "factually suspect" and does not conclusively establish that the individual was a member at the time

of removal. *See* Rec. Doc. 37 at 2. French America's refusal to allege its citizenship should not defeat removal. *See* Rec. Doc. 10 at 12.

With that, the Court is persuaded that Defendant shall be given the opportunity to conduct jurisdictional discovery. *See CG & JS Enters., LLC v. H&R Block, Inc.*, 2014 U.S. Dist. LEXIS 154780 *1, *4 (E.D. La. 2014)("The decision whether to allow jurisdictional discovery rests within the sound discretion of the district court."); *see also Garbin v. Gulf South Pipeline Co. LP*, 2001 U.S. Dist. Lexis 18578 *1, *4 (E.D. La. (ordering limited discovery to establish whether complete diversity exists). It would be unfair for the Court to allow French America to have this case remanded without giving Defendant the opportunity to conduct jurisdictional discovery. Defendant cannot reasonably be expected to have accurately identified each of French America's members and their citizenship without the benefit of jurisdictional discovery. Therefore, the Court will not remand the instant matter at this juncture. Parties are directed to engage in limited jurisdictional discovery to investigate the members of French American and citizenship of French America's members at the time of removal and related issues.

New Orleans, Louisiana, this 29th day of March, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

10