UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREAT NORTHERN & SOUTHERN<br>NAVIGATION CO. LLC FRENCH AMERICA LINE | CIVIL ACTION |
| VERSUS | NO. 18-4665-WBV-KWR |
| CERTAIN UNDERWRITERS<br>AT LLOYD'S, LONDON, ET AL. | SECTION D(4) |

# **ORDER**

Before the Court is the Motion to Certify the Court's March 29, 2019 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (R. Doc. 62), filed by Defendant Certain Underwriters at Lloyd's London. That motion is opposed.[1] Also before the Court is the Renewed Motion to Remand to State Court (R. Doc. 63), filed by Plaintiff Great Northern & Southern Navigation Co. LLC French America Line. That motion is also opposed.[2] For the reasons that follow, and after review of the memoranda and the applicable law, the Motion to Certify the Court's March 29, 2019 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (R. Doc. 62) is DENIED, and the Renewed Motion to Remand to State Court (R. Doc. 63) is GRANTED.

---

[1] *See* R. Docs. 66, 74.
[2] *See* R. Doc. 65.

I.　　Background

This is a marine contract case. Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy Number B0621MFALL000216 ("Underwriters") issued a Marine Hull and War insurance policy to Plaintiff.[3] Plaintiff seeks to recover under that policy, claiming that the policy covers certain alleged failures of the sewage system on the M/V LOUISIANE that occurred in October 2016.[4] Plaintiff seeks to recover for repairs and other losses that occurred as a result of the alleged incident.[5] On March 23, 2018, Plaintiff filed this action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, alleging claims for breach of contract and statutory claims for bad faith. On May 7, 2018, Defendant Underwriters timely filed a Notice of Removal (R. Doc. 1) with this Court, asserting the existence of federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(2), and admiralty jurisdiction, pursuant to 28 U.S.C. § 1333. Defendant Underwriters asserts two counterclaims for declaratory judgment and payment of a thing not owed.[6]

Defendant Underwriters alleged in the Notice of Removal that Plaintiff is an LLC organized under the laws of Louisiana and that Plaintiff's two members are domiciled in Jefferson Parish, Louisiana.[7] Defendant stated that diversity subject matter jurisdiction existed in this action because the petition names "Certain Underwriters at Lloyd's Subscribing to Policy Number B0621MFALL000216," which is not an

---

[3] *See* R. Doc. 8-2, p. 1.
[4] *See* R. Doc. 10, pp. 1-2.
[5] *See* R. Doc. 10, p. 1.
[6] *See* R. Doc. 24, pp. 18-20.
[7] *See* R. Doc. 1, pp. 2-3.

entity capable of being sued.[8] Defendant asserted that the Lloyd's insurance market consists of syndicates that subscribe to a policy and that each syndicate is made up of individual members or investors, whose citizenship compose the membership of the syndicate.[9] Defendant provided that the Subject Policy is subscribed to by the following Syndicates: Swiss Re, Chubb 1882,[10] Chaucer 1084,[11] Hardy 382,[12] Skuld 1897,[13] Aegis 1225,[14] QBE 1036,[15] Brit 2987,[16] Liberty 4472,[17] Travelers 5000,[18] Novae 2007,[19] Houston Casualty Company,[20] and Pioneer 9981.[21] Defendant stated that each syndicate had a sole member who are citizens for purposes of diversity jurisdiction of the following places: Luxembourg, London, Massachusetts, Oslo, the United Kingdom, and New York.

Plaintiff thereafter filed a Motion to Remand (R. Doc. 8), stating that subject matter jurisdiction did not exist because the parties were not diverse and the "savings to suitors" clause of 28 U.S.C. § 1333 precludes removal on the basis of admiralty jurisdiction. Plaintiff contended that its LLC is made up of several members,

---

[8] *See* R. Doc. 1, p. 3.
[9] *Id.*
[10] The sole member is a citizen for purposes of diversity jurisdiction of Luxembourg. *See* R. Doc. 1, p. 5.
[11] The sole member is a citizen for purposes of diversity jurisdiction of London. *Id.*
[12] The sole member is a citizen for purposes of diversity jurisdiction of Massachusetts. *See* R. Doc. 1, p. 6.
[13] The sole member is a citizen for purposes of diversity jurisdiction of London. *Id.*
[14] The sole member is a citizen for purposes of diversity jurisdiction of Oslo. *Id.*
[15] The sole member is a citizen for purposes of diversity jurisdiction of the United Kingdom. *Id.*
[16] The sole member is a citizen for purposes of diversity jurisdiction of the United Kingdom. *Id.*
[17] The sole member is a citizen for purposes of diversity jurisdiction of the United Kingdom. *Id.*
[18] The sole member is a citizen for purposes of diversity jurisdiction of New York. *See* R. Doc. 1, p. 7.
[19] The sole member is a citizen for purposes of diversity jurisdiction of the United Kingdom. *Id.*
[20] The sole member is a citizen for purposes of diversity jurisdiction of London. *Id.*
[21] The sole member is a citizen for purposes of diversity jurisdiction of the United Kingdom. *Id.*

including a member that is a citizen of the United Kingdom and a member that is an Australian corporation.[22] Underwriters then moved to amend the Notice of Removal to correct an error regarding the citizenship of Houston Casualty Company, stating that Defendant Houston Casualty Company Syndicate is a citizen of Texas for purposes of diversity jurisdiction.[23] Plaintiff filed a Supplemental Memorandum (R. Doc. 39) in support of its Motion to Remand (R. Doc. 8), stating that one of Plaintiff's members, Charlotte Young, is also a citizen of Texas.

On March 29, 2019, the Court entered an Order (R. Doc. 53), denying without prejudice the motion to remand,[24] subject to reconsideration after limited discovery on diversity of citizenship issues. Notably, the Court specifically rejected Defendant's assertion that the "savings to suitors" clause of 28 U.S.C. § 1333 does not prohibit the removal of maritime claims.

II.     Analysis

Having completed jurisdictional discovery, Plaintiff seeks to remand the action again, and Defendant requests that the Court certify its previous Order, which denied the first motion to remand without prejudice, for interlocutory appeal.

---

[22] *See* R. Doc. 8-2, pp. 2-3.
[23] *See* R. Doc. 9-1, p. 1.
[24] *See* R. Docs. 8, 10, 17, 18, 37, and 39.

*A. Admiralty and Diversity Jurisdiction*

For the sake of brevity, the Court adopts the law and analysis discussion of admiralty and diversity jurisdiction in the Court's March 29, 2019 Order.[25]

In the March 29, 2019 Order, the Court rejected Underwriters' admiralty removal argument, citing numerous rulings by several sections of this Court: "Focusing on the saving suitors clause in § 1333 and history of maritime removal jurisdiction, those sections concluded that the 2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims."[26] The Order states, "We join our colleagues by holding that the 2011 Amendments to § 1441 did not change the traditional non-removability of general maritime law claims initiated in state court, and such claims are not removable without an independent basis of subject matter jurisdiction."[27]

The Court then discussed the parties' dispute regarding complete diversity and gave Defendant the opportunity to conduct jurisdictional discovery.[28] Therefore, the Court did not remand this action at that time solely to allow the parties an opportunity to conduct limited discovery on diversity of citizenship issues.[29] The parties have completed jurisdictional discovery, and Defendant concedes that the

---

[25] *See* R. Doc. 53.
[26] R. Doc. 53, p. 6.
[27] R. Doc. 53, p. 8.
[28] *See* R. Doc. 53, pp. 8-10.
[29] *See* R. Doc. 53, p. 10.

"jurisdictional discovery indicates that there is not complete diversity between Plaintiff and Underwriters."[30]

Plaintiff submits that the Court correctly ruled in its March 29, 2019 Order that it does not have admiralty jurisdiction over this action, and that the Court should award costs and fees pursuant to 28 U.S.C. § 1447(c). Defendant acknowledges that "Although various sections of this Court have held that admiralty cases are not removable, other courts around the circuit and the country more widely have reached the opposite conclusion."[31] The Court's previous Order was clear: "Having established the applicability of the savings to suitors clause, this matter could be remanded unless an independent basis of jurisdiction exists."[32] Defendant Underwriters has failed to provide any independent basis of jurisdiction. None seems to exist. Therefore, in accordance with its previous Order, the Court GRANTS Plaintiff's Renewed Motion to Remand to State Court (R. Doc. 63).

*B. Certifying an Interlocutory Order for Immediate Appeal*

Defendant submits that an immediate appeal of this Court's pervious ruling will materially advance the ultimate termination of this litigation.[33] Defendant requests,

> Because the issue remains hotly contested and unresolved by the Fifth Circuit, and is now determinative of whether this case is to be litigated in state or federal court, Underwriters respectfully request that the Court certify its March 29, 2019 ruling for appellate review pursuant to

---

[30] R. Doc. 62-1, p. 2.
[31] *Id.*
[32] R. Doc. 53, p. 8.
[33] R. Doc. 62-1, p. 7.

28 U.S.C. § 1292(b), and decline to make any further jurisdictional rulings in this case pending the outcome of that appeal.

R. Doc. 62-1, pp. 2-3. The Court may certify an interlocutory order for immediate appeal if it finds that (1) the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory appeals are "exceptional." They "do not lie simply to determine the correctness of a ruling."[34] Plaintiff argues that not only is the Court compelled to rule on the jurisdictional issue according to Fifth Circuit precedent and Congressional mandate, but Defendant does not have a dispositive order to appeal.[35] The Court finds that Defendant fails to make the require showing under § 1292(b). Further, the Court notes that the March 29, 2019 Order (R. Doc. 53) in this matter does not in any way materially advance the ultimate termination of the litigation. Indeed, the Court's Order simply remands this matter for resolution in another venue. Therefore, the Court DENIES Defendant's Motion to Certify the Court's March 29, 2019 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (R. Doc. 62).

IT IS HEREBY ORDERED that Motion to Certify the Court's March 29, 2019 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (R. Doc. 62) is DENIED.

---

[34] *Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983) (Rubin, J.).
[35] *See* R. Doc. 66.

IT IS FURTHER ORDERED that the Renewed Motion to Remand to State Court (R. Doc. 63) is GRANTED. This action is REMANDED to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this the 12th day of November, 2019.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT**
**JUDGE**